Philip M. Mannelly (NSBN 14236)
Katrina E. Weil (NSBN 16152)
Cassin T. Brown (NSBN 15877)
McDONALD CARANO LLP
100 W. Liberty Street, Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
pmannelly@mcdonaldcarano.com
kweil@mcdonaldcarano.com
cbrown@mcdonaldcarano.com

Kevin Kolton, IL Bar No.6203113 (*pro hac vice* forthcoming)
PERKINS COIE LLP
110 N. Wacker Dr. Suite
3400, Chicago 60606
Telephone: 1 (312) 263-2730
Facsimile: 1 (312) 263-6730

*Attorneys for Plaintiffs United States of America for the Use and Benefit of Alamon, Inc. and Alamon, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF ALAMON, INC., a Montana Corporation; ALAMON, INC., a Montana Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TALION CONSTRUCTION, LLC, a Hawaii Corporation, and GREAT AMERICAN INSURANCE COMPANY, an Ohio Corporation,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR BREACH OF CONTRACT AND RECOVERY UNDER MILLER ACT PAYMENT BOND |

Plaintiffs, United States of America for the use and benefit of Alamon, Inc. (“Alamon”), and Alamon in its own capacity (“Plaintiffs”), by and through their counsel of record and for their

Complaint against Talion Construction, LLC ("Talion") and Great American Insurance Company ("Great American") alleges, states, and claims as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff United States of America is a party to this action pursuant to the requirements of 40 U.S.C. § 3133(b)(3)(A).

2. Plaintiff Alamon, Inc. ("Alamon") is a Montana corporation organized and existing under the laws of the State of Montana, with its principal place of business in Kalispell, Montana. Alamon is a licensed contractor.

3. On information and belief, Defendant Talion Construction, LLC ("Talion") is a Hawaii corporation organized and existing under the laws of the State of Hawaii, with is principal place of business in Murrieta, California.

4. On information and belief, Defendant Great American Insurance Company ("Great American"), is an Ohio corporation organized and existing under the laws of the State of Ohio.

5. This Court has subject matter jurisdiction pursuant to the 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B), as well as 28 U.S.C. § 1332(a)(1) as this action is between citizens of different states and the matter in controversy exceeds $75,000.

6. Venue is proper in the United States District Court for the District of Nevada pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2), because the contract at issue was to be performed in Washoe County, Nevada, and a substantial part of the events or omissions giving rise to the claim occurred there.

7. This Court has pendant jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as the amount in controversy exceeds $75,000 and Plaintiffs do not share a state of citizenship with any Defendant.

**STATEMENT OF FACTS**

9. On or about July 7, 2021, the United States of America ("Government") and Talion entered into a design/build contract (the "Prime Contract") for the Reno Electronic Health

Record Modernization ("EHRM") Infrastructure Upgrades project located at the Reno Veterans Administration Medical Center at 975 Kirman Ave., Reno, NV 89502 under Solicitation 36C77621C0107 (the "Project").

10. On or about September 28, 2021, Talion, as prime contractor, and Great American, as surety, executed Miller Act Payment Bond No. 4164256 guaranteeing full payment to persons or entities that supplied labor and/or materials in connection with the Project. The penal sum of the bond was $250,981,000. A true and accurate copy of the payment bond is attached as EXHIBIT 1.

11. In the Bond, Great American agreed to be bound "jointly and severally with" Talion to make payment to all persons having a direct contractual relationship with Talion or to any subcontractor of Talion who furnished labor, material or both in the prosecution of the work provided for in the Prime Contract, in the event that Talion failed to make prompt payment to such persons.

12. The bond was duly accepted by the Government and, on such acceptance, the contract for the construction and completion of the Prime Contract was awarded to Talion.

13. On or about September 2, 2022, Talion contracted with plaintiff Alamon (the "Subcontract") in the amount of $3,290,480.00 to provide all labor, equipment, materials, insurance necessary to perform the contract work for Division 27 Communication under the Prime Contract. A true and accurate copy of the Subcontract is attached as EXHIBIT 2.

14. Division 27 Communication tasks included the installation, termination, testing, and labeling of 6,246 Cat6A plenum cables, fiber optic cables, racks, patch panels, and cable management systems, as well as the demolition and relocation of existing infrastructure. Additional responsibilities included installing a Liebert cabinet with cooling, grounding systems, and supporting cable pathways with ladder racks and J-hooks across multiple telecommunications rooms.

15. The Subcontract was based on a number of assumptions, including that 1) the site will be fully accessible and proper clearance provided to ETS/Alamon technicians during entire time required to execute the specified scope of work, and 2) that accurate information and floor

plans (actual design build) showing desired cabling and equipment placement would be provided prior to final proposal development.

16. The Subcontract includes in the Disputes clause that if the Contractor and Subcontractor become involved in litigation or arbitration as a result of this Subcontract or the performance or non-performance thereof, then the court or arbitration tribunal shall award reasonable attorney's fees and expenses, including expert witness fees, to the prevailing party.

17. In accordance with the Progress Payments clause in the Subcontract, Talion agreed to pay Alamon within 7 days of being paid by the Government in accordance with Alamon's approved Schedule of Prices and submitted invoices.

18. Prior to September 2023, a modification to the Subcontract extended the schedule from September 2023 to August 2024, resulting in $1,225,459 in additional costs, which remain unpaid.

19. Beginning on January 29, 2024 and completed during the week of February 7, 2024, Conor Pugh and Steven Elliott coordinated an extensive inspection of the entire project. During the inspection, Mr. Steven Elliot, who was managing the project as the VA representative, in his official title of Healthcare Engineer, Projects Section, FMS with VA Sierra Nevada Health Care System, identified every change that needed to be made to the 100% drawings. Thereafter, Alamon provided marked-up drawings that reflected the changes, which reflected additional work.

20. On or about February 14, 2024, Talion instructed Alamon to attend a mandatory meeting with representatives from the Government, Talion, and IMEG (Talion's engineer) discussing the design changes that the Government identified from Alamon's mark-ups.

21. In order to formally document the changes that the Government requested, Talion directed Alamon to submit a change order (CO) as soon as possible with the understanding that it would be immediately approved and signed by all parties (Government, Talion, IMEG).

22. On or about February 20, 2024, Alamon provided a detailed spreadsheet which contained the counts for the additions and the reductions.

23. On or about March 5, 2024, Alamon submitted 6 RFIs totaling $896,291 to Talion documenting the additional work required to fulfil the Project requirements.

24. On or about June 24, 2024, Alamon submitted CO#25 to Talion for actual work completed, which had been included in the 6 RFIs, requesting an Equitable Adjustment totaling $575,741 to the Subcontract Amount relating to actual work completed and related materials purchased.

25. On or about August 21, 2024, Alamon sent Tailon notice of suspended performance and, effective August 21, 2024, did suspend performance due to Talion's lack of cooperation regarding Alamon's request for an Equitable Adjustment, material breach of the Subcontract, and non-payment on the Subcontract.

26. Alamon last provided goods and services to the Project on August 21, 2024.

27. As of July 28, 2025, Talion has paid $2,453,614 to Alamon under the terms of the Subcontract.

28. As of July 28, 2025, the total earned value of the work completed was $5,151,837.

29. As of July 28, 2025, Defendant Talion has failed and neglected to pay Alamon the sum of $2,698,223 in accordance with the Subcontract. This sum represents the total due when combining $182,313 related to unpaid invoices for the base scope; $1,225,459 for the additional costs associated with extending the schedule from September 2023 to August 2024; $896,291 in work relating to the 6 RFIs; $320,894 in legal fees incurred due to project disputes; and $73,266 in finance charges on unpaid invoices and unapproved change orders.

30. On October 24, 2024, Alamon has submitted a claim for payment to Great American under the Bond, but Great American has failed to pay Alamon the amount due.

**FIRST CLAIM FOR RELIEF**

(BREACH OF CONTRACT)

31. Plaintiffs repeat, reallege, and incorporate all allegations contained in the preceding paragraphs as though fully set forth in this claim.

32. The Subcontract is a valid and enforceable contract between Alamon and Talion.

33. Plaintiff Alamon has performed all of its obligations under the Subcontract up to August 21, 2024, when it provided notice of suspension of work due to material breach and non-

payment of the Subcontract.

34. Alamon, due to delay caused by the Government and Talion, was delayed and hindered from performing its scheduled work under the Subcontract. Alamon was deprived of gains and profits it would otherwise have acquired had the Government and Talion not delayed the work as stated in this complaint.

35. Alamon was required by the Government and Talion to provide excessive product and/or work submittals. These requested submittals were beyond what was called for in the Subcontract; therefore, Alamon was caused to expend additional man-hours and material costs to meet the requirement for which Alamon now claims damages and payment from Talion.

36. Site conditions unknown to Alamon at the time of its bid required Alamon to expend additional man-hours and material costs in performing its work on the Subcontract for which Alamon now claims damages and payment from Talion.

37. Talion has breached the Subcontract in that it has failed and refused to pay Alamon in full for labor, services and materials furnished in the prosecution of the work provided for in the Prime Contract and pursuant to the Subcontract.

38. Alamon has suffered damages in excess of $75,000 as a direct and proximate result of Talion's breach of contract.

39. Alamon has employed the undersigned attorneys to enforce payment of this contract and is entitled, pursuant to the terms of the Subcontract, to recover Talion and Great American an amount as reasonable attorney's fees.

**SECOND CLAIM FOR RELIEF**

(QUANTUM MERUIT/UNJUST ENRICHMENT)

40. Plaintiffs repeat, reallege, and incorporate all allegations contained in the preceding paragraphs as though fully set forth in this claim. Plaintiff Alamon provided valuable labor, services and materials that were necessary for Talion to perform its obligations under the Prime Contract, Division 27 Communication.

41. Talion benefited from Alamon's labor, services and materials, including but not limited to the fact that Talion could not have fully performed and completed its obligations under

the Prime Contract, Division 27 Communication in the absence of the labor, services and materials that Alamon provided.

42. Talion has failed and refused to pay Alamon for the labor, services and materials referenced herein.

43. Alamon has suffered damages in excess of $75,000 and Talion has been unjustly enriched as a result of Talion's failure to pay Alamon for the labor, materials and services provided by plaintiff.

44. Alamon has employed the undersigned attorneys to enforce payment of this contract and is entitled, pursuant to the terms of the Subcontract, to recover Talion and Great American an amount as reasonable attorney's fees.

**THIRD CLAIM FOR RELIEF**

(MILLER ACT PAYMENT BOND)

45. Plaintiffs repeat, reallege, and incorporate all allegations contained in the preceding paragraphs as though fully set forth in this claim. Great American is obligated, pursuant to the Bond, to pay Alamon for the labor, materials, and services it furnished in the prosecution of the work provided for in the Prime Contract, and for which Talion failed to make payment.

46. Great American has failed to fulfill its obligation under the Bond to pay Alamon for labor, materials, and services furnished in the prosecution of the work provided for in the Prime Contract, and for which Talion failed to make payment.

47. More than ninety (90) days have expired since Alamon last performed such work in connection with the Prime Contract for which this specific combined claim is made against Talion. Alamon has complied with all rules and requirements of the Miller Act for perfecting a right of action under the above-described bond. All conditions precedent to the making of this claim have been performed or have occurred.

48. One (1) year has not elapsed from the date on which the last work was performed by Alamon for Talion under the Subcontract, and although due demand has been made on Talion and Great American, no part of the sum of $2,698,223, or any interest on such sum, or any sums owed as stated above, has been paid to Alamon.

49. Plaintiff is entitled to payment from Great American pursuant to the Miller Act, 40 U.S.C. § 3133.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. Damages in an amount to be proven at trial;
2. Costs of suit incurred herein;
3. Reasonable attorney's fees; and
4. Such other and further relief as the Court may deem just and proper.

DATED: August 19, 2025

**MCDONALD CARANO LLP**

*/s/ Philip Mannelly*
Philip M. Mannelly (NSBN 14236)
Katrina E. Weil (NSBN 16152)
Cassin T. Brown (NSBN 15877)
McDONALD CARANO LLP
100 W. Liberty Street, Tenth Floor
Reno, Nevada 89501
Telephone: (775) 788-2000
pmannelly@mcdonaldcarano.com
kweil@mcdonaldcarano.com
cbrown@mcdonaldcarano.com

Kevin Kolton, IL Bar No.6203113
(*pro hac vice* forthcoming)
**PERKINS COIE, LLP**
110 N. Wacker Dr. Suite
3400, Chicago 60606
KKolton@perkinscoie.com

*Attorneys for Plaintiffs United States of America for the Use and Benefit of Alamon, Inc. and Alamon, Inc.*

**INDEX OF EXHIBITS**

| EXHIBIT # | DESCRIPTION | NUMBER OF PAGES |
|---|---|---|
| 1 | Payment Bond | 3 |
| 2 | Subcontract | 93 |